UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONA W., | |
| Plaintiff, | Case No. C21-5798 MLP |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in (1) failing to develop the record, (2) crediting one State agency opinion over another, and (3) classifying one of her past jobs. (Dkt. # 10 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.   BACKGROUND

Plaintiff was born in 1959; has a high school diploma and multiple professional certifications, as well as a doctoral degree in Christian studies; and has worked as a mental health technician, receptionist, file clerk, office assistant, retail associate, and floral designer. AR at 264, 286. Plaintiff was last gainfully employed on June 30, 2018. *Id.* at 286.

ORDER - 1

In March 2019, Plaintiff applied for benefits, alleging disability as of August 16, 2017. AR at 232-41. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 136-39, 142-49. After the ALJ conducted a hearing in December 2020 (*id*. at 35-81), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 16-28.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

*Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.   DISCUSSION

#### A.   The ALJ Did Not Breach the Duty to Develop the Record

The Commissioner twice requested records from treating physician Charles Wong, M.D., at the Portland Wellness Center during the initial administrative review, but no such records are included in the administrative record. AR at 87, 99. At the administrative hearing, the ALJ asked counsel whether the record was complete and counsel agreed that it was. *Id*. at 40.

Plaintiff now argues that the record was, in fact, not complete and that the ALJ erred in failing to obtain and assess Dr. Wong's treatment notes because they would have shown that she was limited to sedentary work, whereas the ALJ found her capable of light work. The administrative record contains a letter referencing Dr. Wong's December 2017 opinion that Plaintiff was limited to sedentary work (AR at 439), but that letter also indicates that Plaintiff was released to full-duty work by the end of March 2018. *Id*. at 440.

The Court finds that under the circumstances of this case, the ALJ did not have a duty to continue to pursue Dr. Wong's treatment notes. The record shows that the Commissioner attempted to obtain these records to no avail, and counsel subsequently represented at the hearing that the record was complete. AR at 40, 87, 99. Moreover, as acknowledged by Plaintiff (dkt. # 10 at 4), the ALJ referenced Dr. Wong's December 2017 opinion that Plaintiff was limited to sedentary work, and noted that Plaintiff's condition improved with subsequent conservative care (physical therapy, acupuncture, and massage treatment), and thus she was able to return to full duty in March 2018. AR at 23. In this way, the ALJ considered Dr. Wong's December 2017 opinion as part of the longitudinal record, even without it being in the administrative record, and

noted that the limitations he described persisted only until March 2018. *Id*. Accordingly, Plaintiff has not shown that the missing records deprived the ALJ of the ability to consider Plaintiff's restriction to sedentary work from December 2017 to March 2018.

Under these circumstances, Plaintiff has failed to show that the missing records from Dr. Wong rendered the record inadequate, thus triggering the ALJ's duty to develop the record. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to conduct an appropriate inquiry." (cleaned up)).

Because Dr. Wong's opinion was not in the record, the ALJ was not required to evaluate its persuasiveness, Plaintiff's argument notwithstanding (dkt. # 10 at 5). *See* 20 C.F.R. §§ 404.1520c(b), 416.920c(b) ("We will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings *in your case record*." (emphasis added)).

**B.     The ALJ Did Not Err in Assessing the State Agency Opinions**

Upon initial review in July 2019, Norman Staley, M.D., a State agency consultant, opined that Plaintiff had limitations consistent with sedentary work. AR at 91-93. Upon reconsideration in November 2019, another State agency consultant, Dennis Koukol, M.D., opined that Plaintiff had limitations consistent with light work. *Id*. at 118-20. The ALJ summarized those opinions and explained that she found Dr. Koukol's opinion more persuasive because he had been able to review more records than Dr. Staley and because Dr. Koukol's opinion was "most consistent" with both the longitudinal record, "which indicates fairly minor abnormalities and limitations that would not preclude light level work[,]" and Plaintiff's activities. *Id*. at 26.

ORDER - 4

Because Plaintiff filed her claim after March 27, 2017, new regulations apply to the ALJ's evaluation of medical opinion evidence. The new regulations still require ALJs to explain their reasoning with specific reference to how they considered the supportability and consistency factors, 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b), and that reasoning must remain legitimate. *See Thomas S. v. Comm'r of Social Sec.*, No. C20-5083 RAJ, 2020 WL 5494904, at *2 (W.D. Wash. Sept. 11, 2020). The Court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

Plaintiff argues that the ALJ erred in failing to provide specific and legitimate reasons to discount Dr. Staley's opinion in favor of Dr. Koukol's opinion. (Dkt. # 10 at 5-6.) But, as described above, the ALJ's reasoning compares Dr. Staley's opinion to Dr. Koukol's and notes that Dr. Koukol had access to more records than Dr. Staley's opinion, and that Dr. Koukol's opinion was "most consistent" with the longitudinal record and also consistent with other parts of the record. The ALJ's decision adequately explains why the ALJ found Dr. Koukol's opinion more persuasive than Dr. Staley's, and that contrast sufficiently supports discounting Dr. Staley's opinion.

Furthermore, to the extent that Plaintiff argues that Dr. Koukol's opinion is less persuasive because it does not acknowledge a departure from Dr. Staley's opinion (dkt. # 10 at 7), Plaintiff cites no authority requiring a State agency consultant to explain why he or she reached a different conclusion than a prior reviewing consultant. Although Plaintiff believes certain medical records and/or evidence related to her activities would better support Dr. Staley's opinion rather than Dr. Koukol's (dkt. # 10 at 7), the Court declines to reweigh the evidence. Furthermore, Plaintiff points to her testimony as inconsistent with Dr. Koukol's opinion (dkt.

# 10 at 8-10), but the ALJ discounted Plaintiff's testimony and Plaintiff did not challenge that part of the ALJ's decision. Identifying alternate interpretations of Plaintiff's properly discounted testimony is thus unpersuasive.

For all of these reasons, Plaintiff has not demonstrated that the ALJ erred in finding Dr. Koukol's opinion consistent with the record and supported by a review of more records than Dr. Staley's, thereby crediting Dr. Koukol's opinion and discounting Dr. Staley's.

### C.     The ALJ Did Not Harmfully Err in Classifying Plaintiff's Past Work

Plaintiff bears the burden at step four of demonstrating that she can no longer perform her past relevant work. 20 C.F.R. §§ 404.1512(a), 404.1520(f); *Barnhart v. Thomas*, 540 U.S. 20, 25 (2003). A claimant may be found not disabled at step four based on a determination that she can perform past relevant work as it was actually performed or as it is generally performed in the national economy. Social Security Ruling 82-61, 1982 WL 31387 (Jan. 1, 1982).

At the administrative hearing, the ALJ asked the vocational expert ("VE") to classify Plaintiff's past work, and the VE testified that her past jobs included receptionist, file clerk, and office assistant. AR at 75-76. The VE also testified that these jobs were consistent with the ALJ's hypothetical, which is consistent with the RFC assessment in the written decision. *See id*. at 21, 77-78. Thus, at step four, the ALJ found Plaintiff capable of performing her past relevant work as a receptionist, file clerk, and office assistant as generally performed. *Id*. at 27.

Plaintiff argues that the ALJ erred at step four as to the classification of the receptionist job for two related reasons: (1) the ALJ erred in finding Plaintiff could perform light work, and should have limited her to sedentary work, and (2) the ALJ erred in classifying Plaintiff's past work as including the sedentary job of receptionist because Plaintiff actually performed a composite job that included some sedentary elements and some light elements. (Dkt. # 10 at

10-15.) But as explained *supra*, the Court disagrees with Plaintiff on the first issue and finds no error in the ALJ's decision that would suggest Plaintiff is limited to sedentary work. The ALJ found Plaintiff capable of returning to two light jobs (file clerk and office assistant) whose classification is not in dispute, and thus even if the receptionist job was eliminated entirely, the ALJ's step-four finding would nonetheless be supported. Given the Court's resolution of Plaintiff's first two assignments of error, the Court finds that Plaintiff has shown at most harmless error with respect to the classification of the receptionist job at step four.

## V.   CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 23rd day of March, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge